WILLIAM E. KENYON, Appellant, v. JAMES S. SEE et al., Executors, etc., Respondents.

As a general rule contingent interests are assignable, devisable and descendible the same as vested interests.

The will of M. gave to S. M. one-third of his residuary estate, in trust, to pay the interest thereof to S. H., on condition that he shall renounce the Roman Catholic priesthood, and gave to him the principal and accumulated interest on condition that he shall marry. In case of the death of S. H. before marriage such share was given to S. M. "at the time of his marriage." S. H. executed an assignment and release of all his interest to S. M.; the latter married, and thereafter died leaving a will; S. H. is still living. *Held*, that the conditions attached to the gift to S. H. were conditions precedent, and until performance he took no vested estate or interest, legal or equitable, in either the principal or income of the fund ; that the alternative gift to S. M. was also conditional ; that his contingent interest however did not lapse upon his death, but survived and was transmissible, and passed to his representatives, who, in case of the death of S. H. before marriage, will be entitled to the fund.

As to whether in case of the marriage of S. H. he would be entitled to the fund, or whether the attempted transfer will operate by way of estoppel, *quære*.

(Argued January 18, 1884; decided February 5, 1884.)

APPEAL by William E. Kenyon from judgment of the General Term of the Supreme Court, in the second judicial department, entered upon an order made February 13, 1883, which affirmed a decree of the surrogate of Westchester county, upon the accounting of the executors of the will of John Milderberger, deceased. (Reported below, 29 Hun, 212.)

The testator died in 1871 leaving real and personal property. The material provisions of his will are as follows :

"*Sixth.* After my death, I hereby order and direct my executors hereinafter named to invest all the rest, residue and remainder of my real and personal property on bonds and mortgages in the county of Westchester on property worth double the amount, with interest at seven per cent, payable half yearly, farms being preferred, said interest to accumulate until such times as are hereinafter named.

"*Seventh.* I give, devise and bequeath to my grandson,

Selden Milderberger Spencer, one-third of all my real and personal estate, not hereinbefore disposed of, to be paid to him at the time of his marriage.

" *Eighth.* I give, devise and bequeath unto my said grandson, Selden Milderberger Spencer, at the time of his marriage, one other third of my real and personal estate, not hereinbefore disposed of *in trust*, to pay the interest thereof semi-annually. to my grandson Seymour Hobart Spencer, upon the express condition that the said Seymour Hobart Spencer shall renounce the Roman Catholic priesthood, said payment of interest to commence at the time of such renunciation, and upon the further condition that the said Seymour Hobart Spencer shall marry, I give, devise and bequeath the said money held in trust, together with the accumulated interest thereon, to my said grandson, Seymour Hobart Spencer.

" *Ninth.* I give, devise and bequeath the one other remaining third of all my real and personal property not hereinbefore disposed of, to my other grandson, William Edward Kenyon, at the time of his marriage.

" *Tenth.* In case of the death of the said Seymour Hobart Spencer before marriage, I give, devise and bequeath his said share to my grandson, Selden Milderberger Spencer, at the time of his marriage.

" *Eleventh.* And in case of the death of the said Selden Milderberger Spencer before marriage, I give and devise his said share or shares to my said grandson, William Edward Kenyon.

" *Twelfth.* And in case of the death of said William Edward Kenyon before marriage, I give, devise and bequeath his said share or shares to Selden Milderberger Spencer, if. he should be living and married, if not living, I give, devise and bequeath the same to the children of my sister, Hester Ann Lee, wife of Dr. Charles A. Lee, of Peekskill, N. Y., share and shares alike.

" *Thirteenth.* In case of the death of my said three grandchildren before marriage, I give, devise and bequeath all of said three shares of my real and personal estate to the children

of my sister, Hester Ann Lee, wife of Dr. Charles A. Lee, of Peekskill, N. Y., share and shares alike.

"*Fourteenth.* I do hereby authorize and empower my executors hereinafter named to sell all or any of my real estate, and to give good and sufficient deeds therefor."

W. E. Kenyon married in 1879, and shortly thereafter received his one-third.    On September 2, 1881, Selden M. Spencer married.    On the 15th of the same month Seymour executed an instrument, under seal, which purported to release and assign all his rights under the will to Selden, and on the same day, the executors paid to Selden $28,000, on account of the two shares.    Afterward, on the 26th of the same month, Selden died, leaving a last will and testament, which has been duly admitted to probate, the executors of which claim that they are entitled to receive from the executors of John Milderberger's will the residue in their hands, as well by virtue of that will as of Seymour's assignment.

On behalf of the executors of Milderberger, it was claimed, among other things, that Seymour had no assignable interest, and that the fund must remain in the hands of a trustee, to be appointed by the court, to await the performance of the conditions by Seymour.    On the part of Seymour it was insisted, that as it was personal estate, if it should be determined that nothing passed by the assignment, the executors of Selden were entitled to the fund.    On the part of the appellant Kenyon, it was claimed that no interest in Seymour's one-third passed to the executors of Selden on his death, but that it continues a trust fund, and the gift will lapse in case of the death of Seymour before marriage.

*John A. Husted* for appellant.    A condition precedent must happen before Selden M. could be vested with Seymour's share, and, not having happened, the share did not vest in Selden M. at the time of his marriage.    (*Carr* v. *Robertson*, 1 Seld. 125–134.)    The death before marriage of Seymour H. is a condition precedent, the performance of which is necessary to vest the legacy ; if the legatees die before that period his personal

representatives will not be entitled to it. (Willard on Executors, 356; Preston on Legacies, 104; 2 P. Wms. 610, 612; 1 Seld. 125–134; *Smith* v. *Edwards*, 88 N. Y. 92; *Delaney* v. *McCormic*, id. 174.)

*Charles B. Alexander* for executors of Selden M. Spencer, respondents. The intent of the testator was that the portion of the estate mentioned in the eighth and tenth clauses of the will should vest in Selden upon his marriage as an estate in expectancy; and that if Seymour did not comply with the condition, Selden or his heirs should take. (*Moore* v. *Lyons*, 25 Wend. 119; *Stevenson* v. *Lesley*, 70 N. Y. 512; *Williamson* v. *Field*, 2 Sandf. Ch. 553; *Matter of Meyer*, 57 How. Pr. 206; *Patterson* v. *Ellis*, 11 Wend. 293; *Kane* v. *Astor*, 5 Seld. 113.) On the marriage of Selden he took an estate in expectancy in the form of a vested contingent remainder, vesting in interest at the time of his marriage, descendible, devisable and alienable, but subject to being divested by Seymour's renunciation of the priesthood and marriage. (R. S., part 2, chap. 1, tit. 2, art. 1, § 13; R. S. [Banks' 7th ed.], part 2, chap. 4, art. 3, tit. 4, § 2, p. 2256; *Hennesy* v. *Patterson*, 85 N. Y. 91; *Moore* v. *Little*, 41 id. 72, 76; *Manice* v. *Manice*, 43 id. 380; *Lawrence* v. *Bayard*, 7 Paige, 75; *Mead* v. *Mitchell*, 17 N. Y. 210.) The execution and delivery of the assignment from Seymour to Selden destroyed the trust and enlarged the estate to a full estate in Selden, either as an equitable assignment or by estoppel. (*Miller* v. *Emans*, 19 N. Y. 385; *Ham* v. *Van Orden*, 84 id. 257; Thomas' Coke, note f, 456; Litt. § 446.) It was not necessary that Seymour should have a vested interest. He could assign his right to perform the conditions and take the estate, to one having a vested interest, and the agreement could at least be enforced in equity, even if he in the future complied with the condition. (*Field* v. *Mayor*, 6 N. Y. 186; *Miller* v. *Emans*, 19 id. 385; *Bean* v. *Welch*, 17 Ala. 773; *Williams* v. *Ingersoll*, 89 N. Y. 518.)

*L. T. Yale* for executors of John Milderberger, respondents. The conditions of the will were valid. (*Hull* v. *Hull*, 24 N.

Y. 651; Roper on Legacies, 834, 859.) Seymour H. Spencer had no vested assignable interest under the will. (*Sweet* v. *Chase*, 2 N. Y. 80; 1 Roper on Legacies, 644, 656; *Neal* v. *Hanbury*, 1 Roper, 637; *Chipman* v. *Montgomery*, 63 N. Y. 231–2; *Jacobs* v. *Miller*, 27 Alb. L. J. 335.) The executors of the will of Selden M. Spencer do not succeed to the trust which vested in him at the time of his marriage. (*Delany* v. *McCormick*, 14 N. Y. Weekly Dig. 399.) Upon proper application, the Surrogate's Court not only had the power, but it was the duty of the court to appoint a successor to the deceased trustee. (*Mayor, etc., of N. Y.* v. *Furze*, 3 Hill, 615.)

ANDREWS, J. Seymour H. Spencer took no vested estate or interest in the principal or income of the fund given in trust to Selden M. Spencer by the *eighth* clause of the will of the testator, John Milderberger. The right to either was conditional. He was entitled to the income only upon and from his renunciation of the Roman Catholic priesthood, and to the principal only upon his marriage. The conditions were precedent, and, until performance, he took no interest, legal or equitable, in the fund. The *tenth* clause makes an alternative gift of the trust estate to Selden M. upon his marriage, in case of the death of Seymour H., without having married. This gift was conditional also, there being a double condition, *first*, the death of Seymour H. before his marriage, and *second*, the marriage of Selden M. If the contingent interest of Selden M. did not lapse upon his death before Seymour H., or in other words, if it survived and was transmissible like a vested interest, then the appellant must fail, as he has no interest which can be affected by the decree of the surrogate. We think this contingent right passed on the death of Selden M. to his representatives, and that, on the death of Seymour H. before marriage, they will be entitled to the fund. The survivorship of Selden M. is no part of the contingency upon which the gift to him is limited. The testator, as the will indicates, intended to make a complete disposition of his property. The alternative dis-

position was made to meet the contingency that Seymour H. might not accept the conditions upon which the gift to him depended. There is no reason to suppose that the testator intended to confine the benefit of this provision to Selden M. personally, and to exclude his family or descendants when he made marriage one of the conditions of his taking at all. If the continued existence of the legatee, in case of a contingent legacy, is part of the contingency upon which the gift is limited, then there can be no doubt. But in this case the personal enjoyment of the legacy by Selden M. was not made essential to its taking effect. The general rule is that contingent interests are assignable, devisable and descendible. " In general," says Fearne, " it seems that contingent interests pass to the real and personal representatives, according to the nature of such interests, as well as vested interests, so as to entitle such personal representatives to them when the contingencies happen." (Fearne on Cont. Rem. 364.) The rule stated by the learned author is supported by numerous authorities. (*Pinbury* v. *Elkin*, 1 P. Wms. 563 ; *King* v. *Withers*, Cas. Temp. Talb. 117 ; *Chancy* v. *Graydon*, 2 Atk. 616 ; *Barnes* v. *Allen*, 1 Bro. Ch. Rep. 181 ; *Winslow* v. *Goodwin*, 7 Metc. 363.)

Here one of the conditions upon which Selden M. was to take, viz., marriage, was performed before his death. The other condition, viz., the death of Seymour H. before marriage, has not happened. It may never happen, as Seymour H. may marry, however improbable this may be. If he does marry, then he will be entitled to the third part of the estate of the testator, under the will, unless his attempted transfer to Selden M. operates as an estoppel. In either event, whether Seymour H. takes, or the representatives of Selden M., the appellant has no interest. One of the two things will happen, and which is a matter with which he has no concern. No question is made as to the validity of the trust in the will of John Milderberger.

We think the case was properly disposed of by the surrogate, and that the judgment of the General Term should be affirmed.

All concur.

Judgment affirmed.