[No. 16.   Decided February 28, 1890.]

JUSTIN SCAMMON v. ELIZABETH WARD, *Executrix of the
last will of William G. Ward, deceased.*

DECEDENT'S ESTATES — PRESENTATION OF CLAIM SECURED BY
MORTGAGE.

Failure to present a claim against a decedent's estate, secured by
mortgage on his land, within one year after publication of notice to
creditors, as provided by Code Wash. T., § 1467, will not bar the
mortgagee's rights under the mortgage as to the lands mortgaged,
but will only operate to prevent his making any deficiency that
remains after exhausting the mortgaged property out of the decedent's
other estate.

Where the mortgagee of a decedent's lands applies to the probate
court, under Code Wash T., § 1523, to compel the redemption of
land from his mortgage lien, or to have the lands sold, under § 1524,
and the proceeds applied upon the mortgage debt, he must apply
within the year allowed for the presentation of claims against the
estate.

*Appeal from District Court, Klickitat County.*

This is a special proceeding brought in the probate
court, under §§ 1523 and 1524 of Code Wash. T., by Justin
Scammon, to require the executrix of the estate of William
G. Ward, deceased, to redeem certain real estate in Klick-
itat county mortgaged by said Ward during his lifetime,
or for an order to sell said premises to satisfy said mort-
gage.   The said Ward died on the 8th day of June, 1887,
leaving a will and naming Elizabeth Ward as executrix,
but the mortgaged premises were not specifically devised.
The will was admitted to probate August 22, 1887, and
said executrix qualified and entered on the discharge of her
duties upon the 27th day of August, 1887, and published
the notice to creditors required by § 1465 of the code on
the 1st day of September, 1887.   The said Scammon did
not present either his note against the testator or the mort-
gage securing it to said executrix within a year after such
notice, but, on the 4th day of October, 1889, a few days

after his note became due, began this proceeding asking that the mortgaged property be sold to satisfy the mortgage debt, or in case the court should find it to be beneficial to the estate, and not injurious to creditors, that said executrix be ordered to redeem same.

The executrix resisted the application, which was denied by the probate court and appeal taken to the district court, where, upon trial had, it was " decreed that the defendant, as executrix of said estate, do redeem the said mortgaged premises from said mortgage lien within six months from this date, but that she is not liable, nor shall she pay any costs pertaining to this proceeding, all of which must be borne by said plaintiff."

From said decree both parties appeal.

*Bennett & Wilson*, and *H. Dustin*, for plaintiff and appellant.

The mortgagee may rely upon his lien without presenting his claim, but in that event he has to look to the mortgage security alone and has no claim on the general assets of the estate. 5 Am. and Eng. Enc. of Law, 213; 2 Woerner's Am. Law of Adm'n, 860; *Allen v. Moore*, 16 Iowa, 307; *Putnam v. Russell*, 17 Vt. 54 (S. C. 42 Am. Dec. 478); *Grafton Bank v. Doe*, 19 Vt. 463 (S. C. 47 Am. Dec. 697); *Crow v. Day*, 69 Wis. 637 (S. C. 35 N. W. Rep. 45); *Smith v. Crater*, 43 N. J. Eq. 636 (S. C. 12 At. Rep. 530); *McCallam v. Pleasants*, 67 Ind. 542; *Willard v. Van Leeuwen*, 56 Mich. 15 (S. C. 22 N. W. Rep. 185); *Richardson v. Hickman*, 32 Ark. 443.

*Sol. Smith* and *W. B. Presby*, for defendant and appellant.

The mortgage is the incident to the note and not the principal part of the contract, and the real estate being assets in the hands of the executrix of the estate of the mortgagor, is a claim within the meaning of the statute, and

should have been presented to the executrix within the year after the first publication of notice. See §§ 1465, 1467, 1473, 1474 and 1476 of Code Wash.T.; also *Harper v. Calahan,* 46 Cal. 222; *Pitts v. Shiply,* 46 Cal. 154; *Walker v. Byers,* 14 Ark. 247; *Ellis v. Polhemus,* 27 Cal. 350; *Clark v. Davis,* 32 Mich. 154; *O'Doherty v. Toole,* 15 Pac. Rep. 28; *McKey v. Jory,* 9 West Coast Rep. 56.

The opinion of the court was delivered by

SCOTT, J. — Plaintiff instituted this proceeding in the probate court of Klickitat county, under §§ 1523 and 1524 of the code, to require said executrix to redeem certain lands from the lien of a mortgage given to the plaintiff by William G. Ward, who died in June, 1887, leaving a will. In August, 1887, the probate court of said county admitted said will to probate, and appointed defendant executrix thereof. A notice to creditors was duly published under code, § 1465, in September, 1887. The claim secured by the mortgage was not presented to the executrix. The lands covered by it were a part of Ward's estate at the time of his death, but were not devised by him, nor was their redemption provided for in the will. In October, 1889, after the time for presenting claims against the estate had elapsed, Scammon commenced this proceeding. He sought for no relief except as against the land mortgaged. Defendant resisted the application upon two grounds: 1st. That the mortgage debt was barred by reason of its not having been presented within the year, as provided by § 1467 of the code. 2d. That if the claim was not barred the plaintiff could not apply to the probate court after the expiration of said year without having presented his claim within the time prescribed. The probate court sustained the objections, and the plaintiff appealed to the district court, where the objections were overruled and a redemption of the land was ordered. Whereupon the defendant appealed to this court.

As to the first objection raised by the defendant, we think that the plaintiff's rights under his mortgage, as to the lands mortgaged, were not barred by a failure to present his claim secured thereby to the executrix; that the failure to present his claim would only operate to prevent him from making any deficiency that might remain after exhausting the mortgaged property, out of the testator's other estate.    Woerner's Am. Law of Adm'n, ¿ 409, and authorities there cited; *Allen v. Moer*, 16 Iowa, 307; *Fisher's Ex'r v. Mossman*, 11 Ohio St. 42; Wiltsie on Mort. Foreclosures, ¿ 63; Wood on Limitations, 390, and cases cited in note 5 (commencing on preceding page); *Willard v. Van Leeuwen*, 56 Mich. 15; *McClure v. Owens*, 32 Ark. 443; *Richardson v. Hickman*, 32 Ark. 407.    The only authorities produced by defendant holding a contrary doctrine, that were not subsequently overruled in the same courts where rendered, were from California, and were founded upon the provisions of a statute materially differing from our probate act.    Section 1524 of the code, where it allows the mortgagee to file a claim for a balance remaining unpaid after selling the mortgaged land, seems to imply that it is not necessary to present the claim and have it allowed or established before applying to have the lands redeemed.    For if the claim should be established in the first instance, subsequent proceedings thereunder in selling the land and applying the proceeds where a sale is ordered, would be conducted by and be within the knowledge of the probate court and the executor or administrator of the estate, and it would be an entirely idle and useless provision to require a filing and authentication of a claim for a deficiency in such a case.    By holding that a mortgage debt, as to the land mortgaged, is not barred by a failure to present the claim, the usefulness of this provision in ¿ 1524 becomes apparent, where proceedings are resorted to in the probate court to have the land redeemed, and where a sale is had therein and an amount remains unsatisfied thereafter.

As to the second objection urged, however, we are of the opinion that a mortgagee who wishes to apply to the probate court under § 1523, to compel the redemption of land from his mortgage lien (the alternative being that when the order to redeem is not granted the land must be sold under § 1524, and the proceeds applied upon the mortgage debt), whether he seeks any relief outside the property mortgaged or not, must so apply within the year allowed for the presentation of claims against the estate. It is contrary to the intent of the probate act, and also to public policy to allow these matters to come in afterwards. And where the application is not made within said time the remedy must be sought in a foreclosure suit. Upon this last ground the judgment of the district court is reversed.

ANDERS, C. J., and STILES and HOYT, JJ., concur.

DUNBAR, J., not sitting.