[No. 126. Decided December 8, 1890.]

T. M. REED, Jr., *Administrator of the Estate of Julia S. Israel, deceased,* v. MARY M. MILLER.

DECEDENT'S ESTATES—MORTGAGE—PRESENTATION OF CLAIM—INTEREST—ATTORNEY'S FEES.

The failure to present a claim secured by mortgage upon a decedent's land to the administrator of the estate within one year after notice of his appointment, will not prevent a foreclosure of the mortgage where no recovery is sought beyond the proceeds of the mortgaged lands.

An agreement in a mortgage to pay interest semi-annually at the rate of 1½ per cent. per month, which, if not so paid, is to be added to the principal and draw like interest, and further providing for 10 per cent. attorney's fees upon principal and interest, in case of foreclosure, is valid under the laws of this state.

In a suit for foreclosure of a mortgage on real estate, where the mortgagor dies pending the suit, it is not necessary, in order to recover costs and attorney's fees, that the claim should have been presented to the administrator of the mortgagor's estate within one year after his appointment.

*Appeal from Superior Court, Thurston County.*

The facts are fully stated in the opinion.

*James Kiefer,* for appellant.

*Allen & Ayer,* for appellee.

The opinion of the court was delivered by

SCOTT, J.—The record in this case shows that on August 14, 1884, the defendant, Julia S. Israel, with her husband, George C. Israel, executed a note to the plaintiff, the principal sum being $1,000.00, due one year from its date, and bearing interest from date at the rate of 1½ per cent. per month until paid, the interest payable semiannually, and if not so paid to be added to the principal and draw like interest, and at the same time secured the payment thereof by a mortgage upon certain lands in said county. On the 28th day of October, 1885, the note being unpaid, plaintiff instituted a suit in the territorial district court for said county to foreclose the mortgage, and on October 21, 1886, during its pendency, said Julia S. Israel died intestate.

It is conceded that on December 6, 1886, T. M. Reed, Jr., was appointed administrator of her estate, and duly qualified as such, and on the same day caused the usual notice to be published requiring all creditors of said deceased to present their claims to him within one year thereafter, and that the claim in question was not so presented. June 11, 1888, the administration being still pending, said administrator was substituted as defendant in the action in place of deceased.

At the trial the court found $2,449.00 to be due the plaintiff upon the note; and in arriving thereat, computed interest upon the principal sum, less a small payment which had been made, at the rate of 1½ per cent. per month, and compounded the same semi-annually. The court also found the additional sum of $244.90 to be due as attorney's fees in said action, and on April 29, 1890, decreed a sale of the mortgaged lands, and directed the proceeds to be applied in payment of the amounts so found to be due the plaintiff, together with the other costs and expenses. No judgment for any deficiency over was rendered.

The mortgage provided, in case of a foreclosure, that the plaintiff might have her counsel fees to the amount of ten per cent. upon the principal and interest found to be due, paid out of the moneys arising from the sale of the land.

The defendant appealed the cause to this court. He alleges that the plaintiff's claim was barred by reason of a failure to present the same to the administrator in the probate proceedings. That it was error to compound the interest, and that the plaintiff could not recover her costs and attorney's fees without having presented such a claim to the administrator.

The first point is disposed of in the case of *Scammon v. Ward, ante,* p. 179, wherein this court decided that a failure to present such a claim would not prevent a foreclosure of the mortgage where no recovery is sought beyond the proceeds of the mortgaged lands.

The findings of the court as to interest and attorney's fees is in entire accord with the terms of the note and mortgage. Neither of these instruments is attacked upon the ground of being unconscionable, nor is the amount of the attorney's fees claimed to have been unreasonable. There is no law in this state prescribing a different rate of interest in case of the death of a party, from that provided by the contract, and was none at the time the same was entered into. The objections urged in this case cannot be allowed to prevail, whatever opinion the court might entertain as to the advisability of a different rule. The code provides, § 2369, that "any rate of interest agreed upon by the parties to a contract, specifying the same in writing, shall be valid and legal," and this is the law until changed by legislative enactment, excepting cases where contracts should be set aside upon some of the recognized grounds for which the same may be annulled.

The judgment is affirmed.

ANDERS, C. J., and DUNBAR, STILES and HOYT, JJ., concur.