[No. 389.  Decided April 18, 1892.]

## W. W. CASEY, *Respondent*, v. JOHN B. AULT, *as Executor of the Will of Oscar E. Trask, deceased, Appellant.*

CLAIMS AGAINST DECEDENTS—PRESENTATION—LODGING LIEN—NOTICE—

ASSIGNMENT.

An action to foreclose a laborer's lien on saw logs cannot be maintained against the personal representative of a decedent's estate unless the claim shall have first been presented to the executor or administrator as required by Code 1881, ch. 104.  Such provision does not, however, prevent such liens being primary claims upon the property covered by them.

Where a notice of lien describes logs as marked Ⓣ on each end while the proof described them as marked "circle T," without showing the location of the mark, the notice and proof will be held sufficient in the absence of any showing that anyone was misled thereby.

Although the inchoate right of lien cannot be assigned, yet where the lien is perfected by the filing of notice thereof, the assignment of the claim will give the assignee the benefit of the security.

*Appeal from Superior Court, Snohomish County.*

The facts are stated in the opinion.

*Andrews & Barnes,* for appellant.

*W. P. Bell* (*F. M. Headlee,* of counsel), for respondent.

The opinion of the court was delivered by

SCOTT, J.—This action was brought to foreclose a laborer's lien on certain saw logs.  The appellant insists that the suit cannot be maintained because the claim was not presented to him as required by the provisions of chapter 104 of the 1881 Code.  The respondent contends that it was unnecessary to present the same, and cites the decision rendered by this court in *Scammon v. Ward,* 1 Wash. 179. The lien in question here, however, arises by operation of law and stands upon an entirely different basis from

that of one created by a mortgage.   There is no provision
for its payment pending the settlement of the estate upon
the petition of any interested party, as is authorized by
§§ 1523 and 1524 of said code in case of a mortgage.
Such a petition could be made by anyone interested in
the estate whether the claimant had presented his de-
mand or not.   These sections seem to have contemplated
claims secured by mortgages, excepting so far as a defi-
ciency is concerned after a sale of the mortgaged property,
as upon a different footing from that of other claims,
which was thought sufficient to except them to the extent
of the proceeds of the property mortgaged from the rule
which was provided in relation to the presentment of
claims generally.   There are many reasons why claims of
the character of this one should be required to be pre-
sented as other claims are.   A mortgage lien is created
by a special agreement which segregates the property
therein designated from the other estate of the mort-
gagor, and specially dedicates it to the payment of the
obligation which the mortgagor admits to be justly pay-
able.   Liens like the one prosecuted in this case are fre-
quently for unliquidated claims, and may be predicated on
a claim which has never been acknowledged.   It is the
general practice to record mortgages, although it is not
requisite to do so as between the parties.   Notices of liens
claimed upon logs must be filed for record to give them
any validity, but there is no provision, as in the case of
chattel mortgages in order to preserve the lien against other
parties, which requires them to be recorded in counties to
which the property may subsequently be removed, and
where the logs had been cut in another county from that
wherein the estate was being settled, and were subsequently
removed therefrom, the executor or administrator might
have no notice or knowledge of any such claim whatever,
and would not be in a position to take any possible steps

to save the estate from the costs of a foreclosure. The fact that no such inexpensive way has been directly provided, as in the case of mortgages, whereby any interested person may petition to have the property redeemed or the lien practically foreclosed by a sale of the property is a strong reason why these claims should be presented in the regular manner, and we think it is clearly the intention of the law that they should be so presented. It follows, however, although there is no direct provision therefor in the statute classifying claims, that such liens are primary claims upon the property covered by them. As far as the property goes upon which the lien operates they must have precedence the same as a mortgage. The security could not be destroyed by a failure to incorporate them in any particular class or in a class having precedence over claims unsecured. From the very nature of the matter this right of precedence must remain, and § 1950, requiring an action to be brought within a year to enforce such liens, is inapplicable after the death of the person owning the property upon which the lien is claimed, unless it may have force to the extent of requiring the claimant to take some steps within the year to bring about the settlement of the estate in case no one else should petition therefor.

The appellant contends that the plaintiff should not recover in this case for the further reasons that the notice of the lien described the logs marked thus (T) on each end, while the proof described them as marked "circle T" and without showing the location of the mark; also that the logs were not at the particular place designated in the notice; and because the plaintiff was not the person who performed the labor or claimed the lien, the claim having been assigned to him. As to these matters the law only requires the property to be described sufficiently for its identification with reasonable certainty, and in the absence of any further showing, or that anyone had been misled

by the description, we should be inclined to hold the notice and the proof sufficient.

The inchoate right of a lien before the filing of the notice cannot be assigned, but where the lien is perfected by the filing of the notice as was done in this case, we are clearly of the opinion that the assignment of the claim entitles the assignee to the benefit of the security. See *Dexter, Horton & Co. v. Sparkman*, 2 Wash. 165.

Judgment reversed, and cause remanded with instructions to dismiss the action.

ANDERS, C. J., and HOYT, STILES and DUNBAR, JJ., concur.

REPORTER'S NOTE.—Appeals numbered 388, 390–396, being the cases of Henry Munholland, W. P. Bell, J. F. Melchert, Charles Wilson, J. E. Frank, J. W. Heffner, William Dunbar and David Felkner, against John B. Ault, executor, etc., are governed by the decision in *Casey v. Ault*, and accordingly reversed and remanded for dismissal.