[No. 13237.   Department Two.   February 17, 1916.]

E. R. BUTTERWORTH, *as E. R. Butterworth & Sons,*
*Appellant,* v. REA F. BREDEMEYER, *Administratrix*
*etc., Respondent.*[1]

EXECUTORS AND ADMINISTRATORS — PRESENTATION OF CLAIMS —
FUNERAL EXPENSES—STATUTES.  A claim against an estate for the
funeral expenses of the deceased must be presented for allowance or
rejection within the year allowed by the statute of nonclaim, in view
of the various provisions of the statute, particularly, Rem. & Bal.
Code, § 1479, providing that no holder of any claim against an estate
shall maintain an action thereon unless the claim shall have been
first presented, § 1568, giving priority in the order of payment of
debts and claims against the estate, to funeral expenses, and § 1543,
whereby the party rendering such service, may, if he sees fit to do
so, look directly to the administrator for payment of his claim.

Appeal from a judgment of the superior court for King
county, Ronald, J., entered January 22, 1915, in favor of
the defendant, in an action on contract, tried to the court.
Affirmed.

*Karr & Gregory,* for appellant.

*Jay C. Allen (Philip Tindall, of counsel),* for respondent.

HOLCOMB, J.—Appellant, who furnished goods and per-
formed services for the funeral of J. A. O. Bredemeyer, de-
ceased, upon the order of his surviving widow, Rea F. Brede-
meyer, failed to comply with Rem. & Bal. Code, §§ 1470 and
1472 (P. C. 409 §§ 335, 339), which require all claims
against deceased to be presented for allowance or rejection
within one year from the date of the first publication of no-
tice to creditors.  The lower court held that the claim is
barred.

Appellant asserts that a claim for funeral expenses does
not come within the provisions of the statutes.  It is con-
tended that the claim is not a debt of the deceased, and that

[1]Reported in 155 Pac. 152.

the rule is that the statutes requiring claims to be presented refer to claims arising out of transactions with deceased which mature either before or after death. It is said that:

"By the great weight of authority, the reasonable costs and charges of the funeral constitute a claim against the estate, or more properly a charge upon the estate for which the executor or administrator is liable as such to the extent of the assets in his hands; in such cases the law implies a promise to pay therefor." 8 Am. & Eng. Ency. Law (2d ed.), p. 1024.

Text writers and authorities are cited to the effect that statutes of nonclaim only require the presentation of demands arising out of contracts or transactions with the decedent, and do not apply to demands arising out of contracts, express or implied, with the executor or administrator; that a claim for funeral expenses or for taxes assessed after the death of the property owner need not be presented; that a limitation provided by statute for commencement of an action upon a rejected claim does not apply to a claim which it is not necessary to present to the executor or administrator, as one for funeral expenses. 8 Am. & Eng. Ency. Law, (2d ed.), p. 1064; 1 Ross, Probate Law and Practice, p. 531; 1 Church, Probate Law, pp. 700, 749; *Potter v. Lewin*, 123 Cal. 146, 55 Pac. 783; *Dampier v. St. Paul Trust Co.*, 46 Minn. 526, 49 N. W. 286; *Hildebrand v. Kinney*, 172 Ind. 447, 87 N. E. 832.

In this state we have several statutes relating to the presentation and allowance of claims against a decedent's estate. Section 1472, Rem. & Bal. Code (P. C. 409 § 339), provides that, if a claim be not presented within one year after the first publication of the notice, it shall be barred. Section 1474 (P. C. 409 § 343), provides that, upon the presentation of such a claim properly verified, the administrator or executor shall allow or reject the same. If rejected, the claimant shall be notified forthwith. Section 1477 (P. C. 409 § 349)

provides that, when a claim is rejected by the executor or administrator or the court, the holder must bring suit in the proper court against the executor or administrator within three months after its rejection or the claim shall be forever barred.   Section 1479 (P. C. 409 § 353) provides:

"No holder of any claim against an estate shall maintain an action thereon, unless the claim shall have been first presented to the executor or administrator."

Section 1568 (P. C. 409 § 553) gives priority in the order of payment of debts and claims against the estate to funeral expenses.   In view of § 1479 (P. C. 409 § 353) and of our construction thereof in *Barto v. Stewart*, 21 Wash. 605, 59 Pac. 480, we must still consider that the decisions in other states, that a funeral claim, not being a debt against the decedent, is not within the statutes requiring a claim to be presented to the executor or administrator, do not apply in this state.   In the *Barto* case it was said:

"It is unreasonable to suppose that the legislature would have made provision for the payment of contingent claims by the executor or administrator, did it not also intend to provide that such claims should be presented for payment.

"And if we are to give effect to all these provisions of the statute, and the general rules of statutory construction applicable thereto, it is obvious that the word 'claim' must have a uniform sense throughout the statute and be held to include every species of liability which the executor or administrator can be called on to pay, or to provide for the payment of, out of the general fund belonging to the estate."

The above language must be construed sensibly, of course, for it is not to be considered that the government would be required to file a claim against an estate for taxes due upon the estate either before or after the decease of the owner. Taxes are a primary obligation and must be paid regardless of the presentation of any claim therefor.   The same may be said of the court fees and costs incurred during the administration of the estate.   In *Ward v. Magaha*, 71 Wash. 679, 129 Pac. 395, it was held that the proper presentation of

the claim was a matter which the administrator or executor could not waive in view of our special statute of nonclaim; that "all claims against estates are collectible under the statute, and not otherwise;" that the statute says that "no holder of any claim against an estate shall maintain an action thereon, unless the claim shall have been first presented to the executor or administrator;" that "this section has been held mandatory by this court."

The party rendering such service, if he sees fit or agrees with the administrator to do so, may look directly to the administrator for payment of his claim, being governed, of course, by another provision of the statute, Rem. & Bal. Code, § 1543 (P. C. 409 § 503), to the effect that no executor or administrator shall be chargeable to pay the debts of the testator or intestate, unless the claim or some memorandum or note thereof is in writing signed by such executor or administrator, etc. If he claims that the estate is indebted to him for the value of his goods or services and seeks to hold it liable, he should, under the provisions of § 1479, *supra,* authenticate and present his claim for allowance and approval as other debts of the estate, and when this is done it will be classified and paid according to its order of priority. *Gammage v. Rather,* 46 Tex. 105.

The judgment of the lower court is right and is affirmed.

Morris, C. J., Mount, Parker, and Bausman, JJ., concur.