[No. 14175.   Department One.   February 8, 1918.]

FLORENCE HARVEY, *as Executrix etc., Appellant,* v.
SARAH POCOCK, *as Administratrix etc.,*
*Respondent.*[1]

EXECUTORS AND ADMINISTRATORS—CLAIMS—CAPACITY OF CLAIMANT
—NONINTERVENTION EXECUTRIX.   A claim against an estate, made by
an executrix as sole legatee under a nonintervention will, is suf-
ficient in form, although made by the claimant individually and not
as executrix, where it was made before the will was admitted to
probate; and the same entitles the claimant to sue thereon as ex-
ecutrix.

Appeal from a judgment of the superior court for
Whitman county, McCroskey, J., entered March 2,
1917, upon findings in favor of the defendant, in an ac-
tion to recover an interest in the property of an estate,
tried to the court.   Reversed.

*A. O. Colburn,* for appellant.
*Thomas Neill,* for respondent.

PARKER, J.—The plaintiff seeks recovery, from the
estate of her deceased father, B. F. Harvey, of money
which she claims as her share of the estate of her de-
ceased mother, Elizabeth M. Harvey, left in his hands
and undisposed of by the decree of divorce which dis-
solved the marriage relation existing between them,
which money the plaintiff claims as executrix and sole
legatee under the nonintervention will of her deceased
mother.   Trial in the superior court for Whitman
county resulted in findings and judgment denying the
relief prayed for by the plaintiff, from which she has
appealed to this court.

This case was before us upon a former appeal (92
Wash. 625, 159 Pac. 771), when the judgment of dis-
missal rendered by the superior court upon the sus-

[1]Reported in 170 Pac. 545.

taining of the demurrer to the complaint was reversed and the case remanded to that court for further proceedings. The theory upon which the judgment here appealed from was rested by the trial court is that there was not a lawful presentation of the claim of appellant to Sarah Pocock, as administratrix of the estate of B. F. Harvey, entitling appellant to sue thereon, as provided by Rem. Code, §§ 1473-1479. The controlling facts touching this question are not in dispute and may be summarized as follows:

In February, 1913, the marriage existing between B. F. Harvey and Elizabeth M. Harvey was dissolved by decree of divorce rendered in the superior court for Spokane county. In June, 1914, B. F. Harvey died, and soon thereafter respondent, Sarah Pocock, became the duly appointed and acting administratrix of his estate. In December, 1914, Elizabeth M. Harvey died, leaving a nonintervention will in which appellant Florence M. Harvey was named as executrix and sole legatee of the estate of Elizabeth M. Harvey, which will was duly filed for probate on June 10, 1915, in the superior court for Spokane county, and was thereafter, on July 8, 1915, duly admitted to probate in that court, and thereupon appellant became the duly appointed and acting executrix of her deceased mother's estate. On June 24, 1915, which date it will be noticed was after the filing of the will of Elizabeth M. Harvey for probate but before it was admitted to probate, appellant prepared, verified and presented to respondent, as administratrix of the estate of B. F. Harvey, her claim against his estate, claiming in substance that, at the time of the divorce of her father and mother, B. F. and Elizabeth M. Harvey, he retained in his possession certain moneys belonging to the community which were not brought into the divorce proceedings nor disposed of by the decree rendered therein, and so remained

their common property, which moneys he retained until his death. The claim was signed and verified by appellant individually and not as executrix, though it contained, among other statements, the following:

"The said Elizabeth Harvey died testate on the 13th day of December, 1914, leaving Florence Harvey, the claimant above named, as her sole residuary legatee and only heir at law. She is the only child of said Elizabeth Harvey and said deceased B. F. Harvey and is by reason of the facts above alleged the sole owner of the sum of $1,500 sequestered and used by said deceased B. F. Harvey."

The claim was rejected by respondent, as administratrix of the estate of B. F. Harvey, on July 6, 1915, and this action was commenced to recover the moneys so claimed, in September, 1915, in the superior court for Spokane county. Thereafter the case was tried in the superior court for Whitman county, the venue having been changed to that county.

The only contention made by counsel for respondent touching the insufficiency of the claim presented by appellant to respondent as administratrix of the estate of B. F. Harvey is that the claim so presented was not signed, verified, or presented in form as a claim of appellant as executrix of the estate of Elizabeth M. Harvey, and therefore is not such a claim as appellant may recover upon as executrix of the estate of Elizabeth M. Harvey. The authorities brought to our attention furnish but little aid towards the solution of the problem thus presented. They deal principally with the question of the necessity of an action of this nature being brought in the name of the executor or administrator of the estate in behalf of or through which the claim is made for the benefit of those entitled to receive the property of such estate as distributees thereof. This action was so brought by respondent as executrix. We are here concerned only with the suffi-

ciency of the presentation of the claim to support such an action.

Counsel for respondent rely upon §§ 1473 and 1479, Rem. Code, providing that, "Every claim presented to the administrator shall be supported by the affidavit of the claimant," and that "no holder of any claim against an estate shall maintain an action thereon, unless the claim shall have been first presented to the executor or administrator." Now this claim was supported by the affidavit of the claimant, this appellant, which affidavit was in proper form, even though it had been a verification of a claim presented by her in form as executrix, since her affidavit would have to be by her as an individual in any event. So we have remaining only the technical objection to the claim that it was presented in form as a claim of appellant individually, instead of as executrix of her deceased mother's estate.

It is possible that such a presentation of a claim would be fatal to the right to recover by an administrator or an executor under a will other than a nonintervention one. However that may be, we are of the opinion that respondent has the right to maintain this action as executrix upon the claim here involved, in view of the fact that she is the sole heir of her mother; that she is the sole legatee under her mother's will; that she is the sole executrix under the will, which will is a nonintervention one directing her to settle her mother's estate "without intervention or interference of any court" in so far as the law will permit, and directing that she act as executrix without giving bond as such; and that the will had been duly filed for probate before the presentation of the claim, though it had not then been admitted to probate.

The merits of the case are not argued here by counsel for either side, but counsel seem to concede, and the

trial judge seems to be of the opinion, that, if the claim be sufficient to entitle appellant to sue thereon, the facts proven would entitle her to recover $750 from respondent. We have not assumed this as the view of counsel and the trial court, however, as conclusive of what judgment should be awarded appellant, but have read all the evidence touching the merits which appears to have been presented, as though the claim were properly presented, and we have become convinced therefrom that appellant is entitled to recover from respondent the sum of $750.

The judgment is reversed, and the case remanded to the superior court for Whitman county, which is directed to enter its judgment in favor of appellant and against respondent for the sum of $750, with legal interest thereon from December 24, 1915, the date of the judgment rendered by the superior court, which is here reversed.

ELLIS, C. J., FULLERTON, MAIN, and WEBSTER, JJ., concur.