[No. 22542. Department One. September 22, 1930.]

GEORGE F. HORTON, *Appellant*, v. E. S. McCORD *et al.*, *Respondents.*[1]

*John W. Whitham,* for appellant.

*Kerr, McCord & Ivey* and *Cosgrove & Terhune,* for respondents.

PARKER, J.—The plaintiff, Horton, seeks recovery of damages from the defendants, McCord and Cosgrove, as executors under the will of O. B. Williams, deceased, claimed as the result of the alleged breach of an employment contract under which he became an employee of Williams during his lifetime. The superior court sustained the defendants' demurrer to Horton's

[1]Reported in 291 Pac. 717.

amended complaint. He elected not to plead further. Judgment of dismissal was accordingly rendered against him, from which he has appealed to this court.

The controlling facts, as alleged in Horton's complaint, may be summarized as follows: McCord and Cosgrove are executors under the nonintervention will of O. B. Williams, deceased, administering his estate, and have been doing so since the probate of his will in May, 1924, shortly after his death. In June, 1924, McCord and Cosgrove, as executors, caused notice to the creditors of Williams and his estate to be duly published as required by our probate code. Williams, at the time of his death and for many years prior thereto, owned and operated a sash and door factory in Seattle. The allegations of Horton's complaint, in so far as need be here noticed touching his alleged employment contract and its breach, read:

"That plaintiff started to work for said Williams in Seattle, Washington, about July 1, 1905, and was continuously employed at said plant for twenty-three years; that, in the course of his employment, he had charge of the detail sash department, cutting and making sash and windows; that he continued in the employment of said defendants, after the death of said Williams, until July 21, 1928, when he was unceremoniously and wrongfully discharged . . .

"That, during the spring of 1909, while plaintiff was in the employment of O. B. Williams, as aforesaid, the Nelle & Englebrech Factory, endeavored to secure plaintiff's services and then and there offered him a substantial increase of wages over that then being paid by O. B. Williams, and to place him in full charge of the sash department in said factory; that, for the purpose of holding plaintiff and for and in consideration of retaining plaintiff in his employ, O. B. Williams then and there entered into a verbal agreement with plaintiff wherein he agreed that he would furnish him with constant and steady employment which would be permanent for the remainder of plaintiff's life. . . .

"That plaintiff is a strong, able-bodied man, willing and anxious to work; that the contract of employment was breached through no fault, refusal, or inability on his part to perform the services which he had contracted to perform; . . ."

There follows allegations of Horton's damage by loss of earnings because of his discharge. He never presented to the executors any claim against the estate.

The trial court seems to have rested its disposition of the case upon the theory that Horton must be denied recovery because of his failure to present any claim to the executors against the estate within the six months' period prescribed by our probate code following the publication of notice to the creditors of the estate. However, the question of the necessity of Horton's so presenting his claim to the executors as a prerequisite to his right to sue and recover thereon is the only question presented to us by the briefs and arguments of counsel for the respective parties.

It is contended in behalf of Horton that his claim was, during the statutory six months' period for the presentation of claims to the executors and even long thereafter until the time of his discharge by the executors, of such contingent character that his right of action thereon was not and is not dependent upon such presentation. It seems plain that Horton's claim, though contingent up until the time of his discharge by the executors, arises, if at all, out of a contractual obligation incurred by Williams during his lifetime, and therefore is not an obligation incurred by the executors in the course of their administration of the estate.

Our existing probate code, chapter 156, Laws of 1917, p. 642 [Rem. Comp. Stat., § 1371], and our decisions thereunder, are conclusive that such a claim must, as a prerequisite to the claimant's right to sue

and recover thereon against the property of the deceased being administered upon, be timely presented to the executor or administrator of the estate the same as any other claim arising out of a contractual or other obligation of the deceased during his lifetime. Section 107 of our 1917 probate code, being Rem. Comp. Stat., § 1477, provides for the giving of notice to creditors of the deceased and the presentation and filing of claims of such creditors within six months after the publication of such notice, and that "if a claim be not filed within the time aforesaid, it shall be barred;" and § 179 of our 1917 probate code, being Rem. Comp. Stat., § 1549, provides for the establishing of contingent claims against estates, making no exceptions in the manner of establishing such claims, differing from the manner of establishing other claims.

We have repeatedly held that Rem. Comp. Stat., § 1477, is controlling touching the presentation and filing of claims of every nature, including contingent claims. *Davis v. Shepard,* 135 Wash. 124, 237 Pac. 21, and our prior decisions therein cited.

Counsel for Horton argues that, since this estate is being administered under a nonintervention will, there was no necessity of presentation of his claim to the executors; citing and relying upon *In re Macdonald's Estate,* 29 Wash. 422, 69 Pac. 1111, decided in 1902, so holding. As the statute then existed, it was not required that claims of any nature be presented to an executor acting under a nonintervention will, as a prerequisite to the right to sue and recover thereon. In *Davis v. Shepard, supra,* it was pointed out that that decision is of no controlling force under our probate code of 1917.

We conclude that the superior court was right in sustaining the executors' demurrer to Horton's amended complaint, and that, upon his electing not to plead fur-

ther, it was also right in rendering judgment of dismissal against him. The judgment is affirmed.

MITCHELL, C. J., TOLMAN, BEALS, and MILLARD, JJ., concur.