[No. 24318. Department One. February 8, 1933.]

*In the Matter of the Estate of* FRANK M. JORDAN, *Deceased.*

FRED W. RASCHKE, *Appellant*, v. ADA M. JORDAN, *Respondent.*[1]

[1] Reported in 18 P. (2d) 855.

 

*L. C. Stevenson,* for appellant.
*Stratton & Kane,* for respondent.

MILLARD, J.—A decree was entered February 27, 1918, in the superior court for King county, divorcing Fred W. Raschke from Lillian Raschke. The decree provided that a parcel of land in King county, awarded to the two minor children of the Raschkes, should be held by Frank M. Jordan as trustee for the two minors. Mr. Jordan qualified as trustee, but at no time made an accounting of the trust property or any of the funds derived therefrom. This trustee died testate, in King county, in January or February, 1931. In his non-intervention will, the testator's widow was nominated executrix. The will was filed for probate, and the executrix qualified. Notice to creditors was duly published.

On March 7, 1931, Fred W. Raschke was appointed, and qualified as, guardian of the two minors. On March 9, 1931, the guardian filed a petition (while averring the petition is based on an affidavit, the record does not disclose that the affidavit was filed with the clerk of the court), which was served upon the executrix of the estate of the deceased Jordan, for an order to show cause why the executrix should not be required to make a full accounting of the moneys and property of the minor Raschkes, held by, and under the control of, the decedent at the time of his death, and now in the possession and under the control of the executrix; and why the executrix should not be restrained from disposing of any portion of the estate

until the alleged trust fund was turned over to the guardian of the two minors. No claim was ever served on the executrix and filed with the clerk of the court.

The order to show cause and the restraining order were granted. On April 14, 1931, the court entered an order establishing the guardian's claim as a preferred claim against the estate of the decedent. That order reads as follows:

"This matter came on regularly to be heard in open court this day pursuant to adjournment upon the order to show cause heretofore made and entered herein, and

"It appearing to the Court that there is due to said guardian from the estate of said deceased the sum of $1,349.05, and that said claim is a preferred claim against said estate and should be paid before any general claims of creditors against said estate.

"It is therefore ORDERED that said claim of said guardian be and the same is hereby established and allowed as a preferred claim against said estate in the sum of $1,349.05, and

"It is further ORDERED that said claim be paid before any payments be made upon general claims against said estate."

On March 2, 1932, the executrix filed her petition (in which were listed the names of creditors whose claims had been filed) for an order adjudging rank and order of payment of claims filed. The petition recited that, in addition to the listed claims, the court entered an order establishing the claim of the guardian on behalf of his two wards as a preferred claim against the estate; that it was not likely that, after the payment of the expenses of administration, "there will be any funds left with which to pay any of the above named claims or any part thereof."

An order was entered requiring the creditors to appear and show cause why an order should not be entered establishing the rank of the claims filed against

the estate and directing their order of payment. Pursuant to that order, the matter came on regularly to be heard on the 11th day of March, 1932. At that hearing, the creditors, the guardian and the executrix appeared and participated therein. On August 2, 1932, the court entered an order establishing the rank of the claims filed. The claim of the guardian was disallowed. So far as material, the order reads as follows:

" . . . and it appearing to the Court that due service of said order to show cause was duly served upon the creditors who have filed claims herein, the Court having listened to testimony and evidence in said cause by various of the creditors, does find:

"That there shall be first paid out of the funds and property belonging to said estate the expenses of the administration . . .

"It is further adjudged and decreed that the claim of Fred W. Raschke is disallowed entirely, the same not having been filed as required by law, within the time required by law; and as to said Fred W. Raschke claim the court further finds that even if it were a valid claim against said estate it is not a preferred claim

. . .

"To the above and foregoing order disallowing his claim as a preferred claim the said Fred W. Raschke, through his attorney, L. C. Stevenson, duly excepts and his exception is allowed.

"It is further ordered that the moneys heretofore drawn by Ada M. Jordan, as widow's allowance in the sum of $900, together with the sum of $400 paid by her on the Fred W. Raschke claim, all as shown in the report of the Executrix dated and sworn to on the 10th day of March, 1932, and filed herein, be and the same are hereby allowed to her as a widow's allowance."

From that order, the guardian has appealed. It appears, however, that the notice of appeal was served only upon the executrix and not upon any of the creditors who participated in the proceeding to establish the rank of the claims filed against the estate.

Appellant contends that the court erred in entering the order disallowing the appellant's claim after a prior order established it as a preferred claim, and such prior order had not been set aside.

The doctrine of *res adjudicata* does not apply to the order of April 14, 1931, establishing the guardian's claim as a preferred claim against the estate of the deceased. To so hold would be to bar other preferred and general creditors, who had filed their claims as the statute requires, from participation in a distribution of the property of the estate, or to reduce the amount they would otherwise be entitled to receive. Those creditors were not served with notice and afforded an opportunity to be heard in opposition to the petition of appellant.

The record before us does not disclose whether Mr. Jordan sold the trust property and commingled the money received from that sale with his own or invested it in other property. There is no showing that the trust fund sought by the appellant was in the possession of the executrix and under her control as executrix.

The statute (Rem. Rev. Stat., § 1477) required notice to be given by the executrix of her appointment and qualification, and therewith a notice to the creditors of the deceased, requiring all persons having claims against the deceased to serve the same on the executrix or her attorney of record and file with the clerk of the court, together with proof of such service, within six months after the date of the first publication. Under the statute, if a claim is not filed within the six months' period, it shall be barred. The executrix complied with the statutory requirements.

No claim was ever filed by the appellant. If Mr. Jordan, during his lifetime, mingled the trust fund with his own, and after his death the trust money or

property could not be identified in the hands of the executrix, the claim of appellant's wards should have been served on the executrix or her attorney of record and filed with the clerk of the court.

"Nor, generally, is it necessary to present a claim to specific trust funds which are capable of identification. It has even been held that a suit to trace a trust from land to money through an estate in process of administration is not a suit upon a claim required to be presented to the administrator for allowance. · But when a trustee during his lifetime mingled money of the cestui que trust with his own, and after his death neither the trust money nor property into which it was converted can be identified in the hands of the executor or administrator, the claim of the cestui que trust is one which must be presented to the personal representative for allowance." 11 R. C. L., p. 194, § 213.

■ If the executrix paid four hundred dollars on the appellant's claim, that was not such an acknowledgment of the claim as estops her from now disputing it. There can be no acknowledgment of a claim that has not been filed. *Parchen v. Hauschild,* 159 Wash. 49, 292 Pac. 116.

■ The determination of the questions presented by this appeal requires a review of the entire evidence adduced at the hearing of March 11, 1932. Whether at that hearing there was sufficient evidence to warrant setting aside the order of April 14, 1931, allowing the claim of the guardian, we do not know. The trial judge's certificate recites that the statement of facts

" . . . contains all of the material facts, matters and proceedings heretofore occurring in said proceedings and not already a part of the record therein except the evidence and oral testimony introduced by and in behalf of the creditors of said estate . . ."

The statement of facts is certified as *not* containing all of the evidence adduced at the hearing of March

11, 1932. Where the statement of facts is shown not to contain all the evidence adduced, it will be presumed that the court's order or decree is supported by evidence other than that which the statement of facts discloses. *Clifford v. Callarman,* 157 Wash. 546, 289 Pac. 1013; *King v. Manson,* 165 Wash. 90, 4 P. (2d) 885.

The order from which the guardian has appealed is affirmed.

PARKER, HOLCOMB, and MITCHELL, JJ., concur.

BEALS, C. J., concurs in the result.

