[No. 25281. Department One. March 6, 1935.]

EVA CORLISS, *Appellant*, v. LENA HARTGE, *Individually and as Executrix, et al., Respondents.*[1]

[1]Reported in 42 P. (2d) 44.

G. E. M. Pratt and Bennett Hoffman, for appellant. Hartge & Cadwallader, for respondents.

MAIN, J.—This case is here upon the second amended complaint, which will be referred to as the complaint, to which a demurrer was interposed and sustained. The plaintiff not having pleaded further and not requesting leave to further plead, subsequently a judgment was entered dismissing the action, from which she appeals.

In the complaint, as we view it, there is an attempt to state a cause of action for an accounting. The complaint is too long to be here set out in full, and we shall only undertake to state the facts therein alleged which are controlling, and which present the questions which are decisive.

June 21, 1914, C. W. Corliss died possessed of real and personal property of the appraised value of $66,301.28. He left a will by which he devised and bequeathed to his widow, the appellant, with the exception of a few small bequests, all of his property, and appointed her as executrix of the will.

In connection with the probating of the will, the appellant employed Charles H. Hartge, a lawyer, to handle the property and assist in the management of the estate, the appellant being inexperienced in business usages and affairs. To Hartge was entrusted the entire management of the estate; and, acting under the power given to him by respondent, he converted all of the property belonging to the estate into cash or securities. At the time of his death, which occurred on

or about February 3, 1927, he had either converted to his own use or had in his possession the proceeds of the entire estate. During this period of about thirteen years, Hartge had made no accounting, and no accounting had been demanded of him so far as appears from the complaint. During this time, the plaintiff was in entire ignorance as to the true state of affairs regarding the management of the estate.

For several years prior to his death, Hartge had represented to the appellant that the estate was insolvent and was heavily indebted to him for advances made. At the time of his death, Hartge left a will by the terms of which Lena Hartge was appointed executrix, and she thereafter qualified as such. Roy L. Cadwallader acted as the attorney for Lena Hartge as executrix under the will of Charles H. Hartge.

After the will was probated, Mrs. Hartge and Mr. Cadwallader represented to the appellant that she was indebted to the Charles H. Hartge estate in a sum in excess of $22,000, which representation, it is alleged, was false and fraudulent. May 28, 1927, a son of the appellant, by her authority, demanded an accounting of the properties from Mrs. Hartge and Mr. Cadwallader, at which time they falsely and fraudulently represented to the appellant's son that she was indebted to the Hartge estate in the sum of $22,000.

February 17, 1927, the appellant, in response to a demand from Mr. Cadwallader, went to his office to discuss the affairs, and again it was represented to her that the Hartge estate had a claim against her. It is alleged further that the appellant did not learn of the falsity of the representations mentioned until December 5, 1933, when she was informed by her brother that Mrs. Hartge was an owner of bonds which Mr. Hartge, during his lifetime, had told her had been

sold and the proceeds used in behalf of the appellant's property.

The prayer of the complaint is that the defendants be required to account for all the transactions mentioned therein, and that she have and recover from the defendants the sum of $66,000.

No claim was presented by the appellant against the estate of Charles H. Hartge, who had acted as her attorney and trustee until the time of his death. No claim having been presented against the estate, no way is now open to the appellant by which she can secure an accounting from that estate.

Rem. Rev. Stat., § 1477 [P. C. § 9828], which is one of the sections of the probate code, provides that every executor or administrator shall give notice to the creditors of the deceased requiring all persons having claims to present the same as therein specified

". . . within six months after the date of the first publication of such notice. . . . If a claim be not filed within the time aforesaid, it shall be barred."

In the case of *Davis v. Shepard,* 135 Wash. 124, 237 Pac. 21, 41 A. L. R. 163, it was held (a) that this section of the statute applies where a trustee dies, having wrongfully confused the trust fund with his own, since his indebtedness to the trust became a demand against the estate to be presented by the beneficiary; and (b) that the statute applies to the settlement of estates and supersedes all other statutes of limitation, and the courts of equity cannot relieve against the same in an action for fraud commenced under Rem. Rev. Stat., § 159 [P. C. § 8166], subd. 4, after discovery of the fraud. It was there said:

"In the final analysis, we must hold that § 1477 is a statute applying to the settlement of estates and supersedes all other statutes of limitation, and applies to every kind and character of claim against an executor

and administrator, and the trial court was therefore correct in sustaining the demurrer.''

No claim having been presented by the appellant against the estate of Charles H. Hartge, under the holding in that case she is now without remedy against such estate.

█ There are no facts alleged in the complaint which would call for an accounting on the part of Mrs. Hartge or Mr. Cadwallader. So far as these two respondents are concerned, we shall assume that the complaint seeks to state a cause against them for false and fraudulent representations, in reliance on which the appellant failed to present a claim. False representations, from the facts stated, upon which reliance is made, were uttered in the year 1927, and this action was not begun until May 14, 1934, a period of seven years having elapsed.

Subdivision 4, of Rem. Rev. Stat., § 159 [P. C. § 8166], provides that, in actions for relief upon the ground of fraud, the cause of action will not be deemed to have accrued until discovery by the aggrieved party of the facts constituting the fraud. Such actions must be begun within three years thereafter. The statute of limitations begins to run, not only from the discovery of the fraud, but also from the time when the fraud should have been discovered. Notice sufficient to excite attention and put a person on guard or to call for an inquiry is notice of everything to which such inquiry might lead.

In *Tjosevig v. Butler, ante* p. 151, 38 P. (2d) 1022, it is said:

''The statute of limitations begins to run, not only upon discovery of fraud, but also from the time when the fraud should have been discovered; and a clue to the facts, which, if diligently pursued, would lead to a discovery, is in law equivalent to discovery itself.

Notice sufficient to excite attention and put a person on guard or to call for an inquiry is notice of everything to which such inquiry might have led. [Citing authorities.]''

In the case now before us, no accounting had been made or demanded during the thirteen years that Hartge had been acting as the attorney and trustee for the appellant. Some time before his death, he represented to her that she was indebted to him for monies advanced. After his death, Mr. Cadwallader and Mrs. Hartge represented to the appellant that she was indebted to Charles H. Hartge at the time of his death in a sum in excess of $22,000. In addition to this, on May 28, 1927, demand was made for an accounting by the appellant's son, prior to which time there had been the meeting in Mr. Cadwallader's office.

It would seem that, with an estate of more than $60,000, which had been handled by a trustee for thirteen years without an accounting, the repeated statements to the appellant that her husband's estate was insolvent and was indebted to the Hartge estate in the sum of $22,000 or more, would have been sufficient to have excited her attention and put her upon inquiry, even though she was not experienced in business affairs or usages. The action, not having been begun within a period of three years after the fraud alleged should have been discovered, cannot now be maintained.

The judgment will be affirmed.

MILLARD, C. J., TOLMAN, BEALS, and GERAGHTY, JJ., concur.