F. D. JAMES *et al., Respondents,* v. CORA E. CORVIN, *as Administratrix, Appellant.*[1]

*James C. McKnight,* for appellant.

MITCHELL; J.—F. D. James and his wife, the owners of certain real property in Seattle used as a storeroom, entered into a written contract with Louis Johnson by which they let the property to him for a term of five years, commencing October 1, 1930, for the sum of $4,860, payable $75 per month until September 30, 1932, and $85 per month thereafter to September 30, 1935, the end of the term. At the time of entering into the lease, the lessee paid $85 in cash, as to which the contract provided that, in the event of the full and faithful performance of all the covenants in the lease to be performed, the cash payment of $85 should be applied in payment of the last month's rent of the term.

The contract provided:

". . . that the covenants and agreements of this lease shall be binding, not only upon said lessor and

¹Reported in 51 P. (2d) 689.

said lessee, but also upon their heirs, executors, administrators, successors and assigns.''

The lessee took possession of, and continued to occupy, the premises and pay the rent reserved until his death September 21, 1931.

Upon his death, Cora E. Corvin was appointed and qualified as administratrix of his estate and promptly gave statutory notice to creditors to serve and file their claims against the estate. As administratrix, she entered into, and continued in, possession of the premises, paying rent as called for in the lease, until July 1, 1932, at which time the lessors reduced the rent to $63 per month until such time as the administratrix might be able to sublet part of the premises used as a meat market.

The administratrix continued to pay the rent to the end of October, 1933. On December 2, 1933, she served on the owners of the property a written ''notice of termination of tenancy,'' declaring her intention to abandon the premises on January 30, 1934. She quit possession of the premises on January 30, 1934.

It appears that the administration of the estate has not been closed. No creditor's claim on behalf of the lessors was ever served on the administratrix for allowance or rejection or filed with the clerk of the court.

By an amended complaint, verified February 20, 1934, F. D. James and his wife brought this action against the administratrix to recover the sum of $189 and interest for rent for November and December, 1933, and January, 1934, and also to recover the sum of eight hundred dollars representing the alleged difference between the contract rental and the lesser reasonable market rental value of the premises for the unexpired portion of the term. In her answer, the administratrix made certain appropriate general denials,

affirmatively pled the failure of the plaintiffs to present any creditor's claim, and affirmatively alleged and set up the account between them, admitting that she owed rent in the sum of $189 and interest for the last three months of her occupancy of the premises, claimed credit for the $85 paid the plaintiffs at the date of the lease for the last month of the term, together with interest thereon, alleged the amount of costs of suit accrued at the date of her answer, showing a stated balance owing by her, which amount she brought into court and asked for a dismissal of the action.

Upon trial, findings of fact and conclusions of law were entered in favor of the plaintiffs, upon which judgment was given as demanded in their amended complaint. The administratrix has appealed.

Respondents have not filed any brief nor otherwise appeared in the case on appeal.

The administratrix admits in her pleading that she owes $189 and interest for the last three months she occupied the premises, but her tender into court in that respect was insufficient to the extent of $85 she claimed as a credit, which credit she was not entitled to because of her breach of the lease by her written "notice of termination of tenancy" and her abandonment of the premises prior to the expiration of the term.

Respondents are not entitled to recover damages for the breach of the lease with respect to the unexpired portion of the term, under the facts established by the proof and the statute of non-claim, Rem. Rev. Stat., § 1477 [P. C. § 9828].

In *Parchen v. Hauschild,* 159 Wash. 49, 292 Pac. 116, upon citing *First Security & Loan Co. v. Englehart,* 107 Wash. 86, 181 Pac. 13, *Ward v. Magaha,* 71 Wash. 679, 129 Pac. 395, and other of our cases, it was said: "We have consistently held that our statute of non-

claim is mandatory and must be strictly pursued." Other or later cases to the same effect are: *Horton v. McCord,* 158 Wash. 563, 291 Pac. 717; *In re Jordan's Estate,* 171 Wash. 624, 18 P. (2d) 855; *Corliss v. Hartge,* 180 Wash. 685, 42 P. (2d) 44.

The claim for damages for the unexpired portion of the lease is not an obligation incurred by the administratrix in the course of her administration of the estate. It arises out of a contractual obligation incurred by Louis Johnson and is governed by the statute of non-claim. By the terms of the lease, he obligated himself, his heirs, executors, administrators and assigns to pay $4,860 for the premises for a *term* of five years, covering the time involved in this action. A claim for damages for a breach of that contract arises out of that obligation, requiring, as a prerequisite to a suit thereon, that the claim be served on the administratrix and filed with the clerk of the court.

The case is similar in principle to *Horton v. McCord, supra,* wherein it was held that the statute applied to a claim for damages for the breach of a continuing contract of employment, the breach occurring after the death of the employer, on the ground that the claim arose "out of a contractual obligation incurred by Williams [the employer] during his lifetime."

The judgment is reversed, and the cause is remanded with direction to enter judgment according to the views herein expressed. Appellant will recover costs.

GERAGHTY, MAIN, TOLMAN, and STEINERT, JJ., concur.