[No. 27107. Department Two. June 22, 1938.]

OTTO BOETTNER, *as Executor, Appellant,* v. KLOTILDE W. CZERNY *et al., Respondents.*[1]

*G. D. Eveland,* for appellant.

*Jno. Mills Day,* for respondents.

BLAKE, J.—This is an appeal from a judgment dismissing an action upon sustaining a demurrer to the fourth amended complaint. Since the question presented is a very narrow one, it will be necessary to state only in a general way the facts alleged.

It appears from the complaint that in 1927, appellant, Otto Boettner, and his deceased wife, Lola Boettner, leased certain real property to one Jerauld, for a term of ten years; that through mesne assignments, the property came into possession of Joseph S. Czerny (now deceased) and his wife, Klotilde W. Czerny, who assumed the obligations of the lease; that Lola Boettner died in 1931, leaving no heirs but her husband; that by nonintervention will she devised her entire estate to

[1]Reported in 80 P. (2d) 778.

him; that Joseph S. Czerny died in 1932; that his will was admitted to probate, and respondents were appointed executrix and executor, respectively; that within the time allowed by law, Otto Boettner, individually, presented to respondents a claim against the estate of Joseph S. Czerny, for rent and damages arising out of breach of covenants of the lease, and on account of conversion of certain personal property; that the claim was rejected; that thereafter, in 1934, the will of Lola Boettner was admitted to probate, and Otto Boettner was appointed executor of her estate. He seeks to maintain the present action in his representative capacity, upon the claim filed by him individually against the estate of Joseph S. Czerny.

As stated in respondents' brief,

"The specific question here presented is whether or not under applicable law plaintiff, in representative capacity, can maintain these causes of action based upon a claim presented by him as an individual."

As we have observed, the trial court answered the question in the negative. In support of the judgment, respondents cite the following cases: *Barto v. Stewart,* 21 Wash. 605, 59 Pac. 480; *Griffin v. Warburton,* 23 Wash. 231, 62 Pac. 765; *Crowe & Co. v. Adkinson Const. Co.,* 67 Wash. 420, 121 Pac. 841, Ann Cas. 1913D, 273; *Ward v. Magaha,* 71 Wash. 679, 129 Pac. 395; *Seattle Nat. Bank v. Dickinson,* 72 Wash. 403, 130 Pac. 372; *Butterworth v. Bredemeyer,* 89 Wash. 677, 155 Pac. 152; *Empson v. Fortune,* 102 Wash. 16, 172 Pac. 873; *In re Parkes' Estate,* 105 Wash. 586, 178 Pac. 830; *First Security & Loan Co. v. Englehart,* 107 Wash. 86, 181 Pac. 13; *Baumgartner v. Moffatt,* 113 Wash. 493, 194 Pac. 392; *Dillabough v. Brady,* 115 Wash. 76, 196 Pac. 627; *Andrews v. Kelleher,* 124 Wash. 517, 214 Pac. 1056; *Hammond v. Waddingham,* 127 Wash. 234, 220 Pac. 796; *Davis v. Shepard,* 135 Wash. 124, 237 Pac. 21, 41

A. L. R. 163; *In re Fotheringham's Estate,* 154 Wash. 130, 281 Pac. 337; *Horton v. McCord,* 158 Wash. 563, 291 Pac. 717; *Parchen v. Hauschild,* 159 Wash. 49, 292 Pac. 116; *In re Jordan's Estate,* 171 Wash. 624, 18 P. (2d) 855; *Corliss v. Hartge,* 180 Wash. 685, 42 P. (2d) 44; *James v. Corvin,* 184 Wash. 356, 51 P. (2d) 689.

We shall not undertake a discussion of these cases. It will suffice to say that in none of them was the specific question with which we are now confronted in issue. On the other hand, the precise question was discussed and decided in the case of *Harvey v. Pocock,* 100 Wash. 263, 170 Pac. 545. After stating the facts, which in all essential features are as nearly identical as may be with the facts in the instant case, the court stated the question as follows:

"So we have remaining only the technical objection to the claim that it was presented in form as a claim of appellant individually, instead of as executrix of her deceased mother's estate;"

and answered it in the following language:

"It is possible that such a presentation of a claim would be fatal to the right to recover by an administrator or an executor under a will other than a nonintervention one. However that may be, we are of the opinion that respondent has the right to maintain this action as executrix upon the claim here involved, in view of the fact that she is the sole heir of her mother; that she is the sole legatee under her mother's will; that she is the sole executrix under the will, which will is a nonintervention one directing her to settle her mother's estate 'without intervention or interference of any court' in so far as the law will permit, and directing that she act as executrix without giving bond as such; and that the will had been duly filed for probate before the presentation of the claim, though it had not then been admitted to probate."

Reading the last clause of the foregoing quotation, it may be remarked that a distinction in fact exists be-

tween that case and this, in that Mrs. Boettner's will was filed *after* the claim was presented. We think, however, this difference in fact is not of sufficient moment to render the principle laid down in that case inapplicable to this.

Judgment reversed.

MILLARD, BEALS, GERAGHTY, and ROBINSON, JJ., concur.