[No. 37141.   Department Two.   September 24, 1964.]

HENNESSEY FUNERAL HOME, INC., *Appellant*, v. JACK R. DEAN, as *Administrator and as Guardian, Respondent.**

*Hennessey, Curran & Bentley,* by *Harry E. Hennessey,* for appellant.

*Quackenbush, Dean & Beschel,* for respondent.

CUSHING, J.†—On January 17, 1962, the will of Pearl C. Warner (who died at Spokane, Washington, on November

*Reported in 395 P. (2d) 493.

---

†Judge Cushing is serving as a judge pro tempore of the Supreme Court pursuant to Art. 4, § 2(a) (amendment 38), state constitution.

17, 1961) was admitted to probate and Jack R. Dean was appointed as administrator with the will annexed. Notice to creditors was published on January 26, 1962. The Hennessey Funeral Home, Inc., served a creditor's claim on the attorney for the estate on August 13, 1962, for funeral services for Pearl C. Warner. On August 29, 1962, notice of rejection of the claim was served and action was thereon commenced within 30 days.

Earl W. Smith, a brother of the deceased, made the funeral arrangements, as the surviving husband, Arthur W. Warner, was then physically incapacitated.

In May, 1962, a petition was filed alleging that Arthur W. Warner was mentally incompetent and on June 11, 1962, an order was entered appointing Jack R. Dean as guardian of the estate of Arthur W. Warner. The guardian published notice to creditors on July 6, 1962. On October 8, 1962, a creditor's claim of the Hennessey Funeral Home, Inc., for funeral services for Pearl C. Warner in the amount of $662.50 was duly served and filed in the guardianship proceeding. On October 16, 1962, Jack R. Dean, as guardian, caused a notice of rejection to be served. This action was commenced within 30 days thereafter.

From the judgment of dismissal, plaintiff has appealed.

Two assignments of error are presented. (1) The court erred in dismissing the first cause of action and concluding that the claim of the Hennessey Funeral Home, Inc., in the estate of Pearl C. Warner was barred by the statute of nonclaim by reason of the fact that it was not served and filed within 6 months after first publication of notice to, creditors. (2) The court erred in dismissing the second cause of action on the ground that, while the creditor's claim in the guardianship was filed within 6 months of publication of notice to creditors, the surviving spouse of the decedent took no direct part in arranging for the funeral services and was an incompetent person.

During the trial, it was stipulated that the charge was reasonable and that the services were rendered. Dan J. Hennessey testified that attorney Robert P. Beschel called

the funeral home and advised that he was leaving the city but that the brother of the deceased would complete the arrangements. He further testified that the husband of the deceased was not well and was unable to come to the funeral home. In his memorandum opinion, the trial judge observed that there was no substantial dispute as to the facts; that upon the appellant's first cause of action, the sole issue is whether a creditor's claim for funeral expenses must be filed and presented, and further stated:

"I am of the opinion that the Supreme Court has determined this matter in the case of Butterworth vs. Brede-meyer, 89 Wash. 677. . . .

"As to plaintiff's second cause of action, I am of the opinion that since the surviving spouse was unable to, and in fact did not, either expressly or impliedly, promise to pay for the funeral expenses incurred, neither the Butterworth case in 24 Wash. 14, nor the Butterworth case in 74 Wash. 724 are authority for holding Arthur Warner, an incompetent, responsible for the funeral expenses of Pearl Warner. . . ."

Appellant relies on RCW 68.08.110 (burial or cremating), RCW 68.08.160 (liability for cost of disposing of remains), RCW 11.76.110 (order of payment of debts), RCW 11.40.010 (notice to creditors—the nonclaim statute), and RCW 11-.40.080 (claims must be presented). It is appellant's position that RCW 11.40.010 has no application to obligations for funeral expenses, since the funeral home is not a creditor of the deceased, its obligation having been incurred after the death of the deceased, but that it is properly a creditor of the estate of the deceased and that the notice to creditors as published in this case specifically refers only to claims against the deceased.

The respondent takes a somewhat different position and contends that the issue is not only whether the claim of the appellant was barred by the statute of nonclaim, RCW 11.40.010, but also whether it was barred by the provisions of RCW 11.40.080, which requires persons having claims against an estate, as well as those having claims against a decedent, to present their claims in accordance with the requirements of the statute of nonclaim. The respondent

argues that a creditor's claim for funeral services must be filed and presented in the same manner as claims for general creditors, as held by the trial court, based upon the decision of *Butterworth v. Bredemeyer*, 89 Wash. 677, 155 Pac. 152.

The appellant seeks to have this court overrule that decision, contending that it was the result of the court's failure to appreciate the distinction between claims against an estate and claims against a decedent. However, in *Butterworth v. Bredemeyer, supra*, this court said, p. 678:

"In this state we have several statutes relating to the presentation and allowance of claims against a decedent's estate. Section 1472, Rem. & Bal. Code (P.C. 409 § 339), provides that, if a claim be not presented within one year after the first publication of the notice, it shall be barred. Section 1474 (P.C. 409 § 343), provides that, upon the presentation of such a claim properly verified, the administrator or executor shall allow or reject the same. If rejected, the claimant shall be notified forthwith. Section 1477 (P.C. 409 § 349) provides that, when a claim is rejected by the executor or administrator or the court, the holder must bring suit in the proper court against the executor or administrator within three months after its rejection or the claim shall be forever barred. Section 1479 (P.C. 409 § 353) provides:

" 'No holder of any claim against an estate shall maintain an action thereon, unless the claim shall have been first presented to the executor or administrator.'

" . . . In view of § 1479 (P.C. 409 § 353) and of our construction thereof in *Barto v. Stewart*, 21 Wash. 605, 59 Pac. 480, we must still consider that the decisions in other states, that a funeral claim, not being a debt against the decedent, is not within the statutes requiring a claim to be presented to the executor or administrator, do not apply in this state. . . ."

It is clear, therefore, that this court has carefully considered the distinction between claims against the estate and those against a decedent and has held that a claim against an estate for funeral expenses must be submitted within the period specified by the statute of nonclaim or else be barred.

In 1917, one year after the decision in the *Butterworth* case, the legislature enacted the modern version of § 1479, Rem. & Bal. Code, now RCW 11.40.080, which reads as follows:

"No holder of any claim against an estate shall maintain an action thereon, unless the claim shall have been first presented as herein provided."

The exclusive manner by which claims against an individual or an estate are to be submitted is established by RCW 11.40.010, which provides:

"Every executor or administrator shall, immediately after his appointment, cause to be published in some newspaper printed in the county, if there be one, if not, then in such newspaper as may be designated by the court, a notice that he has been appointed and has qualified as such executor or administrator, and therewith a notice to the creditors of the deceased, requiring all persons having claims against the deceased to serve the same on the executor or administrator or his attorney of record, and file with the clerk of the court, together with proof of such service, within six months after the date of the first publication of such notice. Such notice shall be published once in each week for three successive weeks. If a claim be not filed within the time aforesaid, it shall be barred. . . ."

In *Barto v. Stewart,* 21 Wash. 605, 615, 59 Pac. 480, the court said:

"It is also a primary rule of statutory construction that all of the parts of an act relating to the same subject shall be construed together, and not each by itself. . . . As was said by Mr. Justice Field in the *Eureka Case,* 4 Sawy. 302,

" 'Instances without number exist where the meaning of words in a statute has been enlarged or restricted and qualified to carry out the intention of the legislature. The inquiry, where any uncertainty exists, always is as to what the legislature intended, and when that is ascertained it controls.' "

Since the only provision for presenting, serving, and filing claims against a deceased and/or his estate is contained in RCW 11.40.010, entitled "Notice to creditors—Limitation on filing claims," we conclude that when a creditor has failed

to comply with the terms of this section of the statute, his claim is barred. As was said in *In re Dorey's Estate*, 62 Wn. (2d) 152, 154, 381 P. (2d) 626, ". . . Compliance with the statute [RCW 11.40.010] is mandatory. . . ." Therefore, since the appellant failed to file its claim within 6 months after the notice to creditors was first published, it is barred. The trial court did not err in dismissing appellant's first cause of action.

*In re Armstrong's Estate*, 33 Wn. (2d) 118, 204 P. (2d) 500, is distinguishable on its facts, since a claim against the estate for funeral expenses was timely filed by the funeral director and allowed by the administrator. The widow, in effect, succeeded to the rights of the funeral director and, therefore, did not have to file a claim for reimbursement of funeral expenses which she paid.

Appellant next contends that error was committed by the trial court in finding of fact No. 10, which reads as follows:

"The Court further finds that Arthur W. Warner took no part in arranging for the funeral services of Pearl C. Warner, and had no contact with the plaintiff in regard thereto in any manner whatsoever. That the said Arthur W. Warner neither expressly or impliedly promised to pay the plaintiff herein for the funeral expenses of Pearl C. Warner. That at the time the said funeral expenses were incurred, the said Arthur W. Warner was an incompetent person."

Since this finding is supported by substantial evidence, it will not be disturbed on appeal. *Socony Mobil Corp. v. Forbes, ante* p. 369, 391 P. (2d) 971; *Harris v. Rivard, ante* p. 173, 390 P. (2d) 1004.

Nevertheless, appellant urges that RCW 68.08.160 is authority for holding the guardianship of Arthur W. Warner liable for its claim. Respondent points out that no case has been found in which the above statute has been construed.

It certainly cannot be said that, by its enactment, the legislature intended to abrogate the general and special nonclaim statutes discussed above, and the cases construing those statutes with regard to claims for funeral services. Repeal by implication is not favored by this court. *Taylor*

*v. Greenler,* 54 Wn. (2d) 682, 344 P. (2d) 515. The estate is primarily liable for funeral expenses, which are first in order of payment of debts of the estate. RCW 11.76.110(1). However, before a claim may be allowed, it must be timely filed. RCW 11.40.010. Since this was not done, the next question is whether the spouse is secondarily liable pursuant to RCW 68.08.160(1). We are satisfied that the legislature never intended the surviving spouse to be liable in a case like this, where the initial claim against the estate, which is primarily liable, was barred. Thus, the husband is not secondarily liable when the claim against the estate for funeral expenses is initially barred.

The facts are undisputed that there never was an express promise on the part of Arthur W. Warner to pay the reasonable cost of his deceased wife's funeral.

*Butterworth v. Bredemeyer,* 74 Wash. 524, 133 Pac. 1061, is in point because the court there held that, in the absence of an express promise to pay, the surviving wife was not primarily liable for her husband's funeral expenses. We find no error in the trial court's dismissal of appellant's second cause of action.

The judgment is affirmed.

OTT, C. J., DONWORTH, FINLEY, and HAMILTON, JJ., concur.