JOHN J. MCCLOSKEY, as Sheriff of the City of New York, et al., Appellants-Respondents, v. CHASE NATIONAL BANK OF THE CITY OF NEW YORK, Respondent-Appellant.

First Department, December 21, 1954.

*Rene Loeb* of counsel (*Daniel Scheyer* and *Leonard Wacksman* with him on the brief; *Rene Loeb,* attorney), for appellants-respondents.

*A. Donald MacKinnon* of counsel (*Janet P. Kane* with him on the brief; *Milbank, Tweed, Hope & Hadley,* attorneys), for respondent-appellant.

CALLAHAN, J. This action is one in aid of attachment under article 55 of the New York Civil Practice Act. Both sides moved for summary judgment. There is no dispute as to the essential facts, but Special Term felt that the questions relating to the legal effect of the documents involved and of a certain judgment of a Pennsylvania court should await trial.

We find no triable issue. There are three translations presented of an important document (a deed of assignment), but they vary little. We find that even if we accept the translation proffered by plaintiff, defendant is entitled to prevail on the

legal issues that are determinative of the rights of the parties.

Of course, the essential issue in an action in aid of attachment is whether defendant had property of the attachment debtor. subject to levy on the date of the attachment.

Defendant is a New York bank. Concededly, on October 17, 1952, when the levy was attempted, it had on deposit approximately $25,500 in a certain escrow account. The disputed question is whether the attachment debtor, one Richard S. Giramberk, a Turkish national, had an attachable interest in the escrow fund.

The escrow agreement was entered into between three persons: plaintiff, Combined Raw Materials, Inc., a New York corporation (hereinafter referred to as Combined); Turkiye Is Bankasi A. S. of Istanbul (hereinafter referred to as the Turkish Bank); and Giramberk. It was accepted by defendant.

Before the making of the escrow agreement, Combined had brought an action in assumpsit against Giramberk in the Court of Common Pleas in Philadelphia County, Pennsylvania, to recover certain damages for breach of warranty and breach of contract. Apparently, the action was based on the deficiencies in weight and yield of several parcels of carpet wool sold to Combined by Giramberk. Plaintiff had attempted to get jurisdiction in that action by writ of foreign attachment on twenty-five tons of tannery wool shipped later by Giramberk to Philadelphia via American Export Lines on the S.S. *Exemplar*. The tannery wool was on a pier, but no custom entry had been made, nor had the property been appraised or the custom duties determined or secured. After attempted levy, the tannery wool was placed in customs storage, where it was damaged by fire. It became subject to a claim of the Turkish Bank as well as the parties to the attachment action. All parties stipulated to sell the tannery wool and substitute the net proceeds of sale, plus the proceeds of certain insurance payments. Expenses of sale and custom charges were first paid, and a balance of $25,650.93, less bank charges of $128.50, was made subject to the escrow agreement of October 1, 1951, accepted by defendant and reading as follows:

WHEREAS, Turkiye Is Bankasi A.S., a banking corporation organized under the laws of Turkey, claims an interest in said shipment;

WHEREAS, Combined Raw Materials, Inc., Richard S. Giramberk and Turkiye Is Bankasi A. S., acting through the undersigned as their respective attorneys, have agreed by letter agreement dated October 1, 1951 * * * that said shipment be sold and that the net proceeds thereof, after payment of The American Export Lines, Inc.'s charges, all warehouse charges, any customs duties which may be due, the expenses of the sale and all similar charges and

expenses, be held by The Chase National Bank of the City of New York (hereinafter called "Escrow Agent") as escrow agent;

Now, THEREFORE, the undersigned on behalf of their respective clients below named, intending to be legally bound hereby, mutually agree as follows:

1. Said net proceeds shall be held by Escrow Agent as a special deposit and shall be paid over by Escrow Agent promptly upon receipt of, and in accordance with, the written instructions of:

(a) Combined Raw Materials, Inc., if and when and to the extent that Combined Raw Materials, Inc. is determined in an unappealed or unappealable decision rendered by a court of competent jurisdiction in the above-entitled proceedings to have a valid lien thereon (or on the property represented thereby) superior to the lien, if any, which Turkiye Is Bankasi A.S. may assert in said proceedings;

(b) Turkiye Is Bankasi A. S., if and when and to the extent that Turkiye Is Bankasi A. S. is determined in an unappealed or unappealable decision rendered by a court of competent jurisdiction in the above-entitled proceedings to have a valid lien thereon (or on the property represented thereby) superior to the lien asserted by Combined Raw Materials, Inc. in said proceedings;

(c) Richard S Giramberk, if and when and to the extent that neither Combined Raw Materials, Inc. nor Turkiye Is Bankasi A. S. is determined in an unappealed or unappealable decision rendered by a court of competent jurisdiction in the above-entitled proceedings to have a valid lien thereon (or on the property represented thereby);

(d) such person as may be designated in writing by Combined Raw Materials, Inc., Turkiye Is Bankasi A. S. and Richard S. Giramberk pursuant to any private settlement reached between them.

The question of the validity of the Pennsylvania attachment had been submitted to the June, 1951, term of the Court of Common Pleas. That court decided that the attachment was invalid, because it had been attempted to be levied on goods in the custody of the Collector of Customs, when duties had not been fixed or paid. Accordingly, it dismissed the action for lack of jurisdiction, inasmuch as jurisdiction depended on the validity of the attachment. It did not consider the merits of the action.

Plaintiff Combined appealed from that decision, but on October 17, 1952, it discontinued that appeal and on the same day, within fifteen minutes of the discontinuance, it caused the writ of attachment, the basis of the present suit, to be issued out of the New York Supreme Court on the defendant bank.

Plaintiff is apparently again proceeding to assert its claim for breach of warranty on the sale of the carpet wool. It is attempting to attach the escrow deposit, claiming that Giramberk has an attachable interest therein because of the final determination of the Pennsylvania action without any lien being awarded to the plaintiff or the Turkish Bank.

Defendant's position is that while there has been a final unappealable decision in the Pennsylvania action, the escrow agreement required that there be a determination that neither plaintiff nor Turkish Bank had a valid lien, and that question has never been decided.

In addition, defendant bank on the return made on the present attachment alleged that under date of December 1, 1951, Giramberk executed and delivered to the Turkish bank above referred to a document in the Turkish language said to be an assignment to the bank of Giramberk's interest in the escrow fund. A notarized English translation of this document, with certificate of an American consular agent, was delivered to defendant April 9, 1952.

Plaintiff questions the effectiveness of the last-mentioned document to assign the interest of Giamberk as against it, a creditor. It also questions the accuracy of defendant's translation of the deed of assignment and offers a different translation. We will assume that plaintiff's translation is the correct one. Nevertheless, we construe the deed of assignment as sufficient to transfer to the Turkish bank all of Giramberk's interest in the moneys arising from the shipment of tannery wool to Philadelphia, and which was damaged by fire. The phraseology of the deed may not be in the precise language that would be used by an American lawyer to express the action taken, but the document as a whole would appear to indicate that the parties were referring to any moneys that represented the proceeds of the sale of the twenty-five tons of tannery wool shipped to Philadelphia on the S.S. *Exemplar* and of the insurance moneys paid when the goods were damaged. The paper stated, in substance, that the assignor transferred and assigned irrevocably to the assignee 100,000 Turkish lira (which is about $35,000) out of all the kinds of money that will be decided to belong to the assignor upon his claim for the price of the goods shipped and insurance.

Though the assignment refers to a Dutch company, Tentler U. Co. N. V. of Amsterdam, as one of the purchasers, and states the sale of wool was secured by a letter of credit issued by a Dutch bank, it is quite apparent that it refers to proceeds of the twenty-five tons of tannery wool, the proceeds of which became subject to the escrow.

It is claimed by defendant that title to the twenty-five tons of tannery wool remained in Giramberk up to the time of the escrow agreement. But, in any event, treating Giramberk's right as consisting solely of a claim to an existing fund, i.e., the

cash proceeds of the sale of the wool and the insurance moneys placed in escrow, the facts creating that claim had already transpired when the assignment was executed, Giramberk's rights were fixed, and he had a present and not a future interest in property. Such interest was assignable (Personal Property Law, § 41; *Williams* v. *Ingersoll,* 89 N. Y. 508; *Kenyon* v. *See,* 94 N. Y. 563; *Hills* v. *Flynn,* 161 App. Div. 127).

An attaching creditor could not stand in any better position than his debtor, unless the assignment was fraudulent as to creditors.

We do not consider that plaintiff's mere suggestion that the assignment may be a ruse or scheme to defeat the rights of American creditors is sufficient in the absence of any factual support to raise an issue as to the validity of the assignment. Plaintiff has the burden of showing that there is attachable property.

That the property was deposited in escrow would not alter the basic rights of the depositor.

Having found the assignment valid, we need not decide the second question as to the construction of the escrow agreement, i.e., whether under its terms there has been a determination in the particular action referred to therein as to whether liens existed in favor of plaintiff or the Turkish Bank because the Philadelphia court had dismissed that action for lack of jurisdiction. Even if we held with plaintiff on that second issue, the effect of our decision that a valid assignment had been presented to defendant by Giramberk prior to the attempted attachment would control the decision in this action.

On defendant's appeal the order should be reversed and motion for summary judgment dismissing the complaint granted. On the plaintiffs' appeal, the order should be affirmed.

PECK, P. J., COHN, BREITEL and BOTEIN, JJ., concur.

Order [on defendant's appeal] unanimously reversed, with $20 costs and disbursements to the defendant-respondent-appellant, and the motion granted, and judgment is directed to be entered dismissing the complaint herein, with costs.

Order [on plaintiffs' appeal] unanimously affirmed.

[See *post,* p. 807.]