Richard J. Cardamone, J.
The defendant, Marine Midland Trust Company of Central New York (hereinafter called Marine Bank) moves for summary judgment on the grounds that there are no triable issues of fact alleged in the plaintiff’s complaint against it.
Damiano, the other defendant herein, obtained a mortgage construction loan from the Marine Bank in connection with the building of the Eastern Hills Apartment Project. He hired Beattie as his general contractor. The plaintiff, Modern Kitchens of Syracuse, Inc., furnished kitchen equipment for the project, A letter dated December 4, 1964, was sent by plaintiff to Damiano regarding the payment for this equipment out of the proceeds of the 5th draw due under the construction loan from the Marine Bank. Plaintiff was not paid and instituted an action against Damiano and the Marine Bank. The bank has moved for summary judgment dismissing the complaint as against it.
*265 Plaintiff asserts that the letter of December 4, 1964 was an assignment by Damiano to it of part of the proceeds of the 5th draw, and that the Marine Bank, although not a signator to the letter, liad notice of it and was bound by it. It asserts that these are questions of fact.
The letter of agreement dated December 4, 1964 provides as follows:
‘ * In compliance with our mutual verbal agreements between yourself, Mr. D. II. Beattie, builder, and Modern Kitchens of Syracuse, Inc., I am forwarding to you this letter to be signed by the three of us to signify our understanding.
“It is my understanding that you will forward to Modern Kitchens of Syracuse, Inc., from the 5th Draw of the Eastern Hills Apartment Project, 135 Polk Street, the sum of $15,758.53, which represents the balance due less deposit paid for the following equipment. (Equipment listed.)
The letter was signed by Damiano, Beattie, and Martino (president of plaintiff corporation). The 5th draw was never made. Liens were filed against this project (none were filed by the plaintiff, however) and all funds subsequent to the 4th drarv were put in escrow with a bonding company to bond the liens. The total funds in the hands of the bank, available and unadvanced to Damiano under his construction loan agreement (after the 4th draw), amounted to $24,000. This sum was paid by check from the Marine Bank to Damiano dated January 25, 1966, and, thereafter, indorsed by him to the bonding company. In any event, no funds were paid to Damiano by the bank following receipt by it of the letter of agreement.
Assuming, as to the first question of fact alleged, that the Marine Bank had knowledge of the letter of agreement dated December 4, 1964, or is charged with knowledge of it through its alleged agent, the Abstract Company, there remains the second question as to what legal effect, if any, such knowledge would import.
Generally, there must be shown an intent to assign, whereby the assignor is divested of all control over the thing assigned (McCloskey v. Chase Nat. Bank, 285 App. Div. 148 [1st Dept., 1954] affd. 308 N. Y. 998 [1955]). A mere agreement, however, lo pay a debt out of a designated fund does not opéralo as a legal or equitable assignment since the assignor retains coni rol over the subject matter (Donovan v. Middlebrook, 95 App. Div. 865 [1st Dept., 1904]). The express language used in the letter of agreement provides that “ you (Damiano) will forward to Modern Kitchens * " * from the 5th Draw ® ° the sum of $15,758.53, which represents the balance due ” (parenthe *266 sis furnished). This would appear to contemplate that Damiano would receive the 5th draw and turn over to the plaintiff the balance due. It does not contain any express direction from Damiano to the bank to pay this money to the plaintiff. It is merely Damiano’s agreement with the plaintiff and Beattie, the general contractor, that this creditor would be paid for the equipment and materials furnished by him on this construction project out of the 5th draw. To construe this language as an assignment of the 5th draw requiring the Marine Bank to forward such an amount to plaintiff is to make a new contract under the guise of interpreting the agreement actually made. This the court refuses to do (Bregoff v. Rubien, 12 A D 2d 92, 93 [1st Dept., 1960], affd. 10 N Y 2d 763 [1961]). Under these rules, the letter of agreement is legally insufficient to constitute a common-law assignment (Coastal Commercial Corp. v. Kosoff & Sons, 10 A D 2d 372 [4th Dept., 1960]).
Further, the facts set forth in the moving papers indicate that no funds were advanced to Damiano subsequent to the bank’s notice of the agreement, but that a check for all of the funds remaining unadvanced was used to bond liens pursuant to an order of this court. The test is whether the assignment makes an appropriation of the funds so that the bank would be justified in paying the assigned portion to the assignee (Hinkle Iron Co. v. Kohn, 229 N. Y. 179,183 [1920]). Under the circumstances here, the bank would not have been justified in paying the debt to the plaintiff. Thus, regardless of the bank’s knowledge of this letter, it was legally insufficient to constitute an assignment of the proceeds of the 5th draw. No questions of fact remain.
The defendant’s motion for summary judgment is granted. The plaintiff’s complaint is dismissed as against it.